IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHARD D. LEWIS,<br><br>        Plaintiff,<br><br>  v.<br><br>DOMINICK'S FINER FOODS, LLC,<br>and UNITED FOOD & COMMERCIAL<br>WORKERS INTERNATIONAL UNION,<br>LOCAL 1546,<br><br>        Defendants. | Case No. 13 C 530<br><br>Hon. Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Dominick's Finer Foods, LLC's Motion to Dismiss. For the reasons stated herein, the Motion is granted.

### I. BACKGROUND

Plaintiff Richard D. Lewis ("Plaintiff") is employed by Defendant Dominick's Finer Foods, LLC ("Dominick's"). He has worked there for 27 years as a full-time butcher and is represented by the United Food & Commercial Workers International Union, and its local union affiliate, Local 1546 (the "Union") for the purposes of collective bargaining. His employment is subject to the terms of a Collective Bargaining Agreement between Dominick's and the Union.

In late August 2011, Plaintiff failed to report to work and failed to notify Dominick's of his absence. Dominick's later

learned Plaintiff was absent because he was arrested on August 22, 2011. At some point in September 2011, Dominick's sought additional information from Plaintiff concerning the circumstances of his arrest, but Plaintiff refused to provide any information. Because of this, Dominick's suspended Plaintiff without pay on September 23, 2011.

On September 30, 2011, the Union filed a grievance on Plaintiff's behalf and requested that Dominick's terminate Plaintiff's suspension. When Dominick's failed to respond, the Union filed a second grievance on October 21, 2011. The second grievance again requested that Dominick's allow Plaintiff to return to work and also requested back pay and pension benefits. Amend. Compl. ¶ 44.

Dominick's responded to both grievances on November 22, 2011. In its response, Dominick's denied the grievances and explained that Plaintiff would remain suspended because he admitted that his unexcused absences were due to an incarceration, and because he "declined to provide [Dominick's] any further information about the facts or circumstances surrounding his absence . . . [.]" *Id.* ¶ 45. At this time, Dominick's informed the Union that Plaintiff would remain suspended until it "receiv[ed] sufficient information regarding the incident to complete its investigation . . . [.]" *Id.* ¶ 46.

In 2012, correspondence between the Union and Dominick's continued. On January 30, 2012, the Union filed a third grievance on Plaintiff's behalf and submitted an Order signed by a State Court Judge that stated that Plaintiff did not have any restrictions preventing him from returning to work. *Id.* ¶ 36. Dominick's again denied the grievance, reiterating that Plaintiff would remain suspended because he had violated company policy by failing to provide Dominick's notice of his absence and because he refused to elaborate on the incidents that led to his arrest. *Id.* ¶ 40. The response also explained that Plaintiff needed "to assert that he [was] not culpable in the events that led to his failure to [*sic*] work and/or notify [Dominick's] of his absences." *Id.*

Shortly after this, Plaintiff obtained legal counsel. Plaintiff's counsel submitted a letter to Dominick's on August 28, 2012 in an apparent attempt to explain the circumstances of Plaintiff's arrest. *Id*. ¶ 46. The letter purported to contain a sworn affidavit explaining Plaintiff's incarceration. However, the affidavit was not attached, allegedly because of a ministerial error. When Dominick's failed to respond to Plaintiff's letter, he filed his Complaint in this Court on January 23, 2013.

Originally, Plaintiff's Amended Complaint asserted two counts against the Union and four counts against Dominick's. However, on July 12, 2013, Plaintiff moved to dismiss the Union as a Defendant, striking Count I from the Amended Complaint and leaving Dominick's

as the sole Defendant in Count IV.  The Court granted this Motion on July 17, 2013.  *See* ECF No. 43.  Thus, the Counts that remain are Plaintiff's claims against Dominick's for violations of (1) Section 301 of the Labor Management Relations Act (the "LMRA") (Count II); (2) 42 U.S.C. § 1981 (Count III); (3) intentional infliction of emotional distress (Count IV); and (4) tortious interference with an implied contract (Count V).  Dominick's moves to dismiss the entirety of the complaint.

## II.  <u>**LEGAL STANDARD**</u>

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009).  When evaluating a motion to dismiss under Rule 12(b)(6), the Court accepts all well pleaded allegations as true and views them in the light most favorable to the plaintiff.  *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012).

## III.  <u>**ANALYSIS**</u>

Dominick's contends Plaintiff's Complaint should be dismissed entirely.  The Court will address each Count in turn.

### A.  **Count II**

Count II asserts a claim for violations of Section 301 of the LMRA.  Plaintiff claims Dominick's violated Section 301 of the LMRA by failing to conclude its investigation regarding Plaintiff's

arrest. Dominick's argues Plaintiff's claims are time-barred and should be dismissed. Alternatively, Dominick's contends the allegations are insufficient to state a claim.

Dominick's avers that the claim is untimely because claims under Section 301 of the LMRA are subject to a six-month statute of limitations. Plaintiff argues the six-month limitation period is inapplicable. Alternatively, he claims the limitation period must be tolled.

Section 301(a) of the Labor Management Relations Act (the "LMRA") provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).

Claims brought pursuant to Section 301(a) are subject to a six-month statute of limitations period borrowed from Section 10(b) of the National Labor Relations Act (the "NLRA"). *See* 29 U.S.C. § 10(b); *see also*, *Chapple v. National Starch and Chemical Co. and Oil*, 178 F.3d 501, 505 (7th Cir. 1999). "[A] Section 301 cause of action accrues from the time a final decision on a plaintiff's grievance has been made or from the time the plaintiff discovers, or in the exercise of reasonable diligence should have discovered,

that no further action would be taken on his grievance." *Id.* (citations omitted).

In Count II, Plaintiff alleges, "Dominick's violated § 301 of the LMRA by failing to conclude its investigation of whether the absences of Plaintiff Lewis were caused by matters beyond Plaintiff Lewis' control." Amend. Comp. ¶ 60. Plaintiff continues, stating Dominick's violated Section 301 by failing to reinstate Plaintiff in his position as a meat cutter.

Dominick's claims Plaintiff knew that no further actions would be taken with any of his grievances on March 9, 2012. It contends the letter it sent on that date should have put Plaintiff on notice and therefore started the clock for the six-month limitations period.

Plaintiff responds that the six-month statute of limitations period is inapplicable because "nothing that came out of the grievance procedure was an arguable breach of provisions of the existing collective bargaining agreement . . . [.]" Pl.'s Resp. to Def.'s Dominick's Mot. to Dismiss at 1. While the Court finds such an assertion perplexing given the fact that claims under Section 301 of the LMRA concern violations of collective bargaining agreements, it is well established that a plaintiff cannot amend his complaint through his response brief. *See, Shanahan v. City of Chicago,* 82 F.3d 776, 781 (7th Cir. 1996). In light of this, the Court looks to the allegations in the Complaint and finds it

abundantly clear that Count II asserts a Section 301 violation. *See* Amend. Comp. ¶ 60. As such, the Court rejects Plaintiff's argument that the six-month statute of limitations is inapplicable here. *See, DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 172 (1983).

Plaintiff's argument concerning tolling is a different story. He argues in the alternative that Count II is timely because the statute of limitations was tolled on August 28, 2012, when he sent Dominick's a letter that purported to comply with its request for additional information.

The statute of limitations for Section 301 claims is tolled if a plaintiff pursues "internal union remedies." *Frandsen v. Bhd. of Ry. Airline and S.S. Clerks, Freight Handlers, Express and Station Employees*, 782 F.2d 674, 681 (7th Cir. 1986). Since the cases applying this principle all seem to rely upon formal appeals procedures set forth in a collective bargaining agreement, Dominick's contends Plaintiff's letter does not support tolling. *See, e.g., Christiansen v. APV Crepaco, Inc.*, 178 F.3d 910, 916 (7th Cir. 1999) ("subsequent cases from this circuit clearly limit tolling under *Frandsen* to the pursuit of formal or required internal procedures"). The Court disagrees. The rationale in *Frandsen* is to encourage union members to pursue "internal union remedies." *Frandsen*, 782 F.2d at 681. While the letter Plaintiff sent to Dominick's may not have been contemplated by the collective

bargaining agreement between Dominick's and the Union, it was an attempt to resolve this matter without the Court's intervention and was in direct response to Dominick's request for additional information. Accordingly, the Court finds this sufficient to support tolling and does not find the claim time barred. *See, Truhlar v. John Grace Branch #825 of Nat. Ass'n of Letter Carriers*, 600 F.Supp.2d 964, 972 (N.D. Ill. 2009) (applying a flexible standard to tolling the statute of limitations for a plaintiff's Section 301 claim and stating that "tollings should not be limited to appeals processes formally included in the CBA").

That said, Count II still fails. It is well established that a Section 301 LMRA claim against an employer requires a plaintiff to allege "a prerequisite claim of breach of the union's duty of fair representation." *Yeftich v. Navistar, Inc.*, --- F.3d ---, No. 12-6924, 2013 WL 2992163 at *2 (7th Cir. June 18, 2013). While a plaintiff need not actually name both the union and the employer, the plaintiff must allege a breach of fair representation claim. *Id.* Plaintiff fails to do so here.

"When a labor organization has been selected as the exclusive representative of the employees in a bargaining unit, it has a duty . . . to represent all members fairly." *Marquez v. Screen Actors Guild, Inc.,* 525 U.S. 33, 44 (1998). This duty continues during the administration of the agreement and the union's obligation throughout is "to serve the interests of all members without

hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct." *Vaca v. Sipes,* 386 U.S. 171, 177 (1967). Having said that, a union has wide latitude in performing this obligation, and a breach of the duty of fair representation "occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." *Id.* at 190. Indeed, "[t]o prevail on a claim that his union violated its duty of representation by dropping a grievance, a plaintiff-member must show that the union's decision was arbitrary or based on discriminatory or bad faith motives." *Trnka v. Local Union No. 688, UAW,* 30 F.3d 60, 61 (7th Cir. 1994).

After examining Plaintiff's Complaint, the Court finds the allegations insufficient to state a claim for a breach of duty of fair representation. As a preliminary matter, the Court notes that Plaintiff's dismissal of the Union did not in and of itself cause the claim to fail. *See*, *Yeftich*, 2013 WL 2992163 at *2 (stating that a plaintiff must allege that the union breached its duty of fair representation regardless of whether the union is a named defendant). Instead, Plaintiff's claim fails because he has not alleged that the Union acted in bad faith.

In his Complaint, Plaintiff alleges only that the Union "breached its duty of fair representation even though for a period

of months it did attempt to file grievances and negotiate with the Company . . . but it stopped representing Richard Lewis [Plaintiff] . . . [.]" Amend. Comp. ¶ 31. While this allegation seems to suggest that the Union was in breach for arbitrary conduct, the Seventh Circuit has held that "the union's actions are arbitrary only if . . . the union's behavior is so far outside the wide range of reasonableness as to be irrational." *Yeftich*, 2013 WL 2992163 at *4.

Plaintiff seems to allege that the Union did not investigate the matter as thoroughly as it should have. In such circumstances, the Seventh Circuit has held that while the Union "must provide some minimal investigation of employee grievances . . . the thoroughness of this investigation depends on the particular case, and only an egregious disregard for union members' rights constitutes a breach . . . [.]" *Garcia v. Zenith Elecs. Corp.*, 58 F.3d 1171, 1176 (7th Cir. 1995).

Plaintiff's Complaint fails to allege that the Union acted with "an egregious disregard" for Plaintiff's rights and thus fails to allege a breach of duty of fair representation. For this reason, the Court finds dismissal of Count II warranted. *See, Yeftich*, 2013 WL 2992163 at *5 (affirming dismissal of a plaintiff's section 301 claim against the employer because the allegations were insufficient to state a breach of duty of fair representation claim).

## B. Count III

Count III asserts a claim of racial discrimination or disparate treatment in violation of 42 U.S.C. § 1981. Specifically, Plaintiff claims that Dominick's treated him differently on the basis of race because a Caucasian employee was permitted to return to work after he "had confronted similar criminal charges" and Plaintiff, an African-American, was not. Amend. Comp. ¶ 72. Dominick's contends Count III must be dismissed because claims under Section 1981 only apply to claims of discrimination in effectuating contracts. The Court agrees.

To establish a *prima facie* claim of discrimination under § 1981, Plaintiff must allege that: (1) he is a member of a racial minority; (2) Dominick's intended to discriminate against him on the basis of his race; and (3) "the discrimination concerned the making and enforcing of a contract." *Rogers v. Ford Motor Co.*, No. 12 C 7220, 2013 WL 3895279 at *5 (N.D. Ill. July 26, 2013) (citing *Morris v. Office Max, Inc.,* 89 F.3d 411, 413 (7th Cir. 1996)).

Plaintiff fails to assert allegations to satisfy the third element. Indeed, the Complaint is void of any allegations which suggest that the discrimination Plaintiff claims to have suffered concerned his ability to make or enforce a contract. In his brief, Plaintiff asserts Count III is predicated on an implied contract of employment between Dominick's and Plaintiff and is unrelated to the

collective bargaining agreement. The Court has already noted that a plaintiff cannot amend their complaint through arguments in response briefs. *See, Shanahan*, 82 F.3d at 781. As such, the Court finds dismissal of Count III appropriate.

### C. Count IV

Count IV alleges Dominick's is liable for intentional infliction of emotional distress. Plaintiff claims Dominick's caused Plaintiff "severe anxiety, emotional distress, and humiliation in the eyes of those with whom he had worked" by failing to respond to his August 2012 letter. Amend. Comp. ¶ 79. Dominick's claims Count IV must be dismissed because Plaintiff fails to allege facts sufficient to state a cognizable claim. The Court agrees.

In Illinois, claims for intentional infliction of emotional distress require that the following elements be alleged: "(1) the conduct involved must be extreme and outrageous; (2) the actor must either intend that his conduct inflicts severe emotional distress or know that there is at least a high probability that his conduct will cause severe emotional distress; and (3) the conduct must in fact cause severe emotional distress." *Hegy v. Cmty. Counseling Ctr. of Fox Valley*, 158 F.Supp.2d 892, 897 (N.D. Ill. 2001) (citing *Honaker v. Smith,* 256 F.3d 477, 490 (7th Cir. 2001).

After reviewing the allegations set forth in Plaintiff's Complaint, the Court finds Plaintiff has failed to assert that

Dominick's engaged in extreme and outrageous conduct. In Count IV, Plaintiff alleges "Dominick's adverse action against Plaintiff Lewis . . . in suspending him on a near permanent basis and refusing to entertain grievances filed by the Union was in reckless disregard of Plaintiffs' *[sic]* rights, and caused grievance, pain and suffering, and emotional distress . . . [.]" Amend. Comp. ¶ 78. Courts in this District have found allegations of this nature insufficient to constitute outrageous conduct for a claim of intentional inflectional of emotional distress. *See, e.g.*, *Curran v. JP Morgan Chase, N.A.*, 633 F.Supp.2d 639, 643 (N.D. Ill. 2009) ("[I]n the workplace setting, courts have found that terminating an employee in violation of an anti-discriminatory statute, or harshly criticizing or insulting an employee, is not enough to constitute extreme and outrageous conduct."). Plaintiff's allegations here seem to allege Dominick's engaged in extreme and outrageous behavior by keeping Plaintiff suspended. This is simply insufficient to rise to a level of outrageousness that goes "beyond all possible bounds of decency." *Harriston v. Chicago Tribune Co.*, 992 F.2d 697. 702-03 (7th Cir. 1993). Indeed, in *Harriston*, the Seventh Circuit found a plaintiff's allegations of "not being allowed to supervise two white subordinates[,]" "being forced out of [a] management position" and "having her private vehicle damaged and vandalized on several occasions . . ." insufficient to reach the level of extreme conduct necessary to establish a claim for

intentional infliction of emotional distress. *Id.* at 703. The allegations here pale in comparison to the allegations in *Harriston*. As such, the Court dismisses Count IV.

### D. Count V

Count V asserts Dominick's is liable for tortious interference of Plaintiff's implied employee contract. Plaintiff claims this "implied contract" concerns matters outside of the collective bargaining agreement. Amend. Compl. ¶ 74. Dominick's argues the claim should be dismissed because it is preempted by Section 301 of the LMRA.

In *Kimbro v. Pepsico,* 215 F.3d 723, 725 (7th Cir. 2000) the Seventh Circuit made it clear that Section 301 prevents a plaintiff from transforming claims against an employer for breach of a collective bargaining agreement into tort claims like tortious interference of contract. Here, Plaintiff claims Count V is based upon Dominick's' breach of "an implied contract of employment" that concerns matters "not covered by the collective bargaining agreement, such as Dominick's ad hoc call-in procedure, which [Dominick's] claims was violated . . . [.]" Amend. Compl. ¶ 83. While the Court finds it unlikely that the parties had such an "implied contract," the Court gives Plaintiff the benefit of the doubt, and finds the LMRA does not preempt the state-law tortious interference claim.

However, Count V fails for another reason. To state a claim for tortious interference with a contract in Illinois, a plaintiff must allege: (1) the existence of a valid contract; (2) the defendant's awareness of the contractual relationship; (3) the defendant's intentional and unjustified inducement of a breach of the contract; (4) a subsequent breach by the other party caused by the defendant's inducement; and (5) resulting damages. *Voelker v. Porsche Cars North Am., Inc.,* 353 F.3d 516, 527-28 (7th Cir. 2003).

Plaintiff's allegations fall short of satisfying these elements. While Plaintiff alleges Dominick's breached "an implied contract of employment," he fails to state the requisite elements for an implied contract. *See, QSRSoft, Inc. v. Rest. Tech., Inc.*, 06 C 2734, 2006 WL 3196928 at *12 (N.D. Ill. Nov. 2, 2006) (an implied contract "must contain offer, acceptance, and consideration") (citations omitted). Additionally, Plaintiff fails to allege that Dominick's was aware of this implied contract and fails to provide sufficient factual details explaining how Dominick's induced Plaintiff to breach the contract. Thus, the Court finds Plaintiff's allegations insufficient to satisfy the notice pleading standards of Federal Rule of Civil Procedure 8 and dismisses Count V.

In light of the above, Plaintiff's Complaint is dismissed in its entirety. If Plaintiff wishes to file an Amended Complaint, he must do so within two weeks of the entry of this Order. The Court

reminds Plaintiff to pay close attention to the specific pleading deficiencies the Court has addressed here.  If Plaintiff attempts to re-file a Complaint, but fails to correct such deficiencies, the Court will dismiss Plaintiff's claims with prejudice.

## IV. CONCLUSION

For the reasons stated herein, Defendant Dominick's Finer Foods' Motion to Dismiss is granted.

If Plaintiff wishes to file an Amended Complaint, he must do so within two weeks of the entry of this Order.  The Court reminds Plaintiff to pay close attention to the specific pleading deficiencies the Court has addressed here.  If Plaintiff attempts to re-file a Complaint, but fails to correct such deficiencies, the Court will dismiss Plaintiff's claims with prejudice.

**IT IS SO ORDERED.**

	Harry D. Leinenweber, Judge
	United States District Court

Date: August 14, 2013