IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **RICHARD D. LEWIS,** | |
| Plaintiff, | Case No. 13 C 530 |
| v. | Judge Harry D. Leinenweber |
| **DOMINICK'S FINER FOODS, LLC,** | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Before the Court are both parties' Motions for Summary Judgment [ECF Nos. 93 & 97], and Defendant Dominick's Finer Foods, LLC's ("Dominick's") Motion to Strike Plaintiff Richard Lewis' Motion for Summary Judgment [ECF No. 101]. For the reasons stated herein, Dominick's Motion to Strike Lewis' ("Lewis") Motion for Summary Judgment is granted, Lewis' Motion for Summary Judgment is stricken, and Dominick's Motion for Summary Judgment is granted.

### I. BACKGROUND

The following facts are taken from Dominick's Local Rule 56.1 Statement of Undisputed Facts. Because, as discussed more thoroughly below, Lewis failed to respond properly to Dominick's Rule 56.1 Statement, the Court deems Dominick's facts

as admitted.  *Cracco v. Vitran Express, Inc.,* 559 F.3d 625, 632 (7th Cir. 2009).

This case arises out of Dominick's decision to suspend Lewis, who worked for Dominick's as a meat cutter from 1985 to December 2013.  While Lewis was employed, he was subject to a Collective Bargaining Agreement between Dominick's and his union, the United Food and Commercial Workers Union.  He was also subject to the polices contained in Dominick's employee handbook, one of which provided that one ground for discipline, including termination, was the "[f]ailure to report to work without a good reason and without personally notifying the store manager or designated person in charge as soon as practicable prior to the start of the shift."

The problem in this case started on August 22, 2011, when Lewis was arrested and charged with first degree murder.  In the time between when Lewis was arrested and when he was released on bond, Lewis missed work and did not personally contact Dominick's regarding his absence.  Once out on bond, Lewis met with Dominick's and two Union representatives to discuss his absence from work.  Lewis averred that he was able and willing to return to work while on bond, but when Dominick's asked about why he was absent, Lewis would not reveal any information other than the fact that he was incarcerated.  Consequently, Dominick's suspended Lewis without pay.

Following Lewis' suspension, the Union filed a grievance with Dominick's on Lewis' behalf. Lewis did not request this action; rather, the Union filed the grievance on its own pursuant to its obligation to represent Lewis under the bargaining agreement. The grievance sought immediate reinstatement and for Lewis to be made whole, and when Dominick's failed to respond immediately, the Union filed another grievance.

Dominick's eventually responded to and denied the grievances, notifying both Lewis and the Union that Lewis would remain suspended "until such time as the Company received sufficient information regarding [Lewis' arrest] to complete its investigation and arrive at a final decision regarding his employment." (Def.'s L.R. 56.1 Stmt., ECF No. 96 ¶ 38). Undeterred, Lewis still refused to share with Dominick's the facts underlying his arrest.

The Union responded to Dominick's decision by filing a third grievance, again unprompted by Lewis. Dominick's denied the third grievance for the same reason it denied the first two — its inability to obtain information "relating to [Lewis'] involvement in the fatal shooting that led to him being indicted on several counts of murder in the first degree." (*Id.* ¶¶ 44–46). The Union then filed a fourth, fifth, sixth, and seventh grievance. The second verse was the same as the first;

Dominick's rejected each grievance and kept Lewis suspended for the same reasons stated above.

Shortly after the Union filed its seventh grievance, Lewis filed this lawsuit, alleging that Dominick's violated § 301 of the Labor Management Relations Act (the "LMRA"), 29 U.S.C. § 185. The Court initially dismissed Lewis' Complaint because he failed to allege that the Union breached its duty of fair representation, which is a prerequisite to suing an employer under the LMRA. *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 914 (7th Cir. 2013). Lewis then amended his Complaint to allege such a breach, and his Amended Complaint survived Dominick's Motion to Dismiss.

Both parties have moved for summary judgment, but for Lewis, this is not his first rodeo. Lewis has moved for summary judgment in this case several times, with each motion being deficient in some regard. Most recently, the Court denied Lewis' motion without prejudice for failing to comply with Local Rule 56.1. The only part of Lewis' prior motion that complied with the local rules was that his facts were numbered. Beyond that, the facts did not contain citations to the record, and Lewis' memorandum in support of his motion, which he titled "Proposed Conclusions of Law," did not cite to his statement of facts and did not explain how the Court should apply the various cases he cited. Dominick's argues that Lewis' current Motion

again fails to comply with the local rules; thus, Dominick's has moved to strike Lewis' Motion for Summary Judgment in addition to filing its own Motion for Summary Judgment.

## II. <u>LEGAL STANDARD</u>

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Material facts are those that affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A genuine dispute exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The moving party may meet its burden by showing "there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). If the moving party satisfies its initial burden, the non-moving party must demonstrate with evidence "that a triable issue of fact remains on issues for which [it] bears the burden of proof." *Knight v. Wiseman,* 590 F.3d 458, 463–64 (7th Cir. 2009).

The judge's role at summary judgment is not to make credibility determinations or weigh the evidence. *Washington v. Haupert,* 481 F.3d 543, 550 (7th Cir. 2007). In determining whether a genuine issue of material fact exists, the Court construes all evidence in the light most favorable to the non-

moving party.  *See, Bellaver v. Quanex Corp.,* 200 F.3d 485, 491-92 (7th Cir. 2000).

### III. <u>ANALYSIS</u>

The Court will address first Dominick's Motion to Strike and then its Motion for Summary Judgment.

#### A. **Dominick's Motion to Strike**

Dominick's argues that Lewis' Motion for Summary Judgment should be stricken without prejudice for failure to comply with the local rules.  Motions for summary judgment are subject to Local Rule 56.1, which outlines the necessary components for such a motion.  The rule requires the moving party to "file and serve on the nonmoving party several documents, including 'a statement of material facts as to which the moving party contends there is no genuine issue and that entitles the moving party to judgment as a matter of law.'"  *Cracco,* 559 F.3d at 632 (quoting L.R. 56.1(a)(3)).  The statement should "consist of short numbered paragraphs," L.R. 56.1(a), and the opposing party is required to file "a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon," L.R. 56.1(b)(3)(B).  "When a responding party's statement fails to dispute the facts set forth in the moving party's statement in the manner dictated by the rule, those facts are deemed

admitted for purposes of the motion." *Cracco,* 559 F.3d at 632. Because of the important function the local rules serve, the Court is entitled to demand strict compliance with Rule 56.1. *Id.*

Lewis' Motion, filed by counsel, still fails to comply with most of Rule 56.1. As two small examples of many errors contained in the Motion, Lewis' Statement of Facts includes the following paragraphs:

> 15. We respectfully suggest that both of these violations [*i.e.* Lewis not providing Dominick's information surrounding his arrest] . . . are not spelled out in the collective bargaining agreement as a basis for taking disciplinary action against an employee.
>
> . . .
>
> 62. This is the heart of what this case is all about.

(Pl.'s L.R. 56.1 Stmt, ECF No. 98, ¶¶ 15, 62). First, like a good majority of the facts in Lewis' statement, neither paragraph quoted here includes a citation to the record. Second, neither paragraph is a "fact"; the first is an argument and the second is something else altogether. It would be unfair to force Dominick's to try and reply to such a deficient statement of facts, and it would be a waste of this Court's resources to struggle through Lewis' statement to try and glean his version of the facts in ruling on his Motion.

Lewis' supporting memorandum of law is also woefully deficient. For starters, the Motion contains factual statements

but does not indicate which facts in Lewis' Rule 56.1 Statement support those assertions. As to the legal aspect of the memorandum, Lewis has again failed to explain to the Court how many of the cases he cites should be applied to his case. Here again, one example will suffice in demonstrating how the memorandum is lacking. Lewis' memorandum asks the Court to "find that[,] consistent with the case law, particularly *Filipo v. North American Publishing,* 141 F.3d 744[,] 449 (7th Cir. 1998)[,] [t]he Union has breached its duty of fair representation." (Pl.'s Supp. Mem. of Law, ECF No. 99, ¶ 64). Nowhere else in his brief does Lewis mention *Filipo* or explain how that case is applicable here. In other paragraphs, Lewis makes legal arguments without citations to any authority. It appears that Lewis has left it up to the Court to read the cases he has cited in order to determine what they hold and how those holdings apply here. Because Lewis' current Motion for Summary Judgment failed to comply with the local rules, the Court grants Dominick's Motion to Strike.

Finally, on a related note, Lewis' response to Dominick's Motion also fails to comply with Rule 56.1 because it does not directly respond to each of the facts in Dominick's Statement of Facts. Instead of filing a separate document that responds to each of Dominick's facts, Lewis filed a single document titled "Response to Why Defendant Dominick's Motion for Summary

Judgment Should be Denied." One section of that document purports to be a response to Dominick's Rule 56.1 Statement, but that section simply includes long narratives and arguments rather than listing Dominick's facts and either admitting or denying them. Moreover, Lewis' response only refers to nine of Dominick's seventy-nine facts, and those responses are largely devoid of citations to the parts of the record that show those facts to be incorrect or in dispute. Thus, in addition to granting Dominick's Motion to Strike, the Court deems Dominick's facts as admitted for the purposes of deciding its Motion for Summary Judgment. *Cracco,* 559 F.3d at 632. Having resolved these issues, the Court moves on to the merits of Dominick's Motion for Summary Judgment.

### B. Dominick's Motion for Summary Judgement

Dominick's argues first that Lewis' Complaint is time-barred. The Court previously addressed this issue in its order granting Dominick's Motion to Dismiss Lewis' earlier Complaint [ECF No. 46]. The Court need not revisit this argument because, even if Lewis' Complaint is not time-barred, he has failed to establish that the Union breached its duty, which is fatal to his claim against Dominick's.

Under § 301 of the LMRA, an employee may sue an employer or union or both "for violation of contracts between [the] employer and" the union. 29 U.S.C. § 185(a). In order to prevail

against either, however, the employee "must not only show that [his] discharge was contrary to the contract but must also carry the burden of demonstrating a breach of duty by the Union." *DelCostello v. Int'l Bhd. of Teamsters,* 462 U.S. 151, 165 (1983). Even if an employee only sues the employer, the employee must still prove that the union breached its duty of fair representation. *Id.* This is so "because the union is responsible for representing its members' interests and addressing their complaints pursuant to whatever grievance process is set up by the relevant collective bargaining agreement." *Yeftich,* 722 F.3d at 913–14.

A union's duty of fair representation requires it "to satisfy all members' interests without hostility or discrimination, to exercise its bargaining power in good faith and honesty, and to refrain from arbitrary conduct." *Begeske v. Gen. Teamsters Union,* No. 09-cv-4009, 2012 WL 280366, at *5 (N.D. Ill. Jan. 31, 2012) (citing *Humphrey v. Moore,* 375 U.S. 335, 342 (1964)). To establish a breach of this duty, Lewis must prove that the Union engaged in conduct that is "so far outside a wide range of reasonableness as to be irrational." *McLeod v. Arrow Marine Transp., Inc.,* 258 F.3d 608, 613 (7th Cir. 2001) (internal quotation marks omitted). And contrary to the majority of other circuits, in the Seventh Circuit a plaintiff must also "prove that the union conduct was

intentional, invidious, and directed at the employee." *Thomas v. United Parcel Serv., Inc.,* 890 F.2d 909, 922 (7th Cir. 1989) (internal quotation marks omitted). In other words, courts must give a defendant-union wide latitude in deciding how to proceed on its members' behalf. *See, Begeske,* 2012 WL 280366, at *6 (citing *Trnka v. Local Union No. 688,* 30 F.3d 60, 61 (7th Cir. 1994)).

The Union's conduct here could not possibly be construed as unreasonable or irrational. To the contrary, the record shows that the Union went above and beyond for Lewis, filing multiple grievances on his behalf without his even asking. According to Lewis' deposition, the Union communicated with him "through the whole process . . . about what was going on" with the numerous grievances it filed. (Def.'s L.R. 56.1 Stmt., ECF No. 96 ¶ 60). And the Union met with Dominick's human resource personnel in order to fight for Lewis' reinstatement. There simply is not anything in the record that would indicate intentional, invidious conduct directed toward Lewis.

Although his brief is difficult to decipher, Lewis appears to argue that the Union's conduct was arbitrary and outrageous because it failed to take up his cause again after his criminal trial. In July of 2013, Lewis stood for a bench trial and was found guilty of second degree murder rather than the first degree murder with which he was initially charged. About a

month after his conviction, Lewis was given a suspended sentence and thus did not go to jail. According to Lewis, the result in his criminal trial of no jail time dispelled any reason for Dominick's to keep him suspended, and his Union was "on notice" of these facts by virtue of Dominick's Reply Brief in support of its Motion to Dismiss *in this case*. Thus, Lewis argues that the Union breached its duty when it failed to file more grievances once the possibility of jail time ceased to exist.

This argument must fail for the obvious reason that Lewis' evidence supporting the Union's alleged breach did not exist until after he filed his suit. To be clear, Lewis brought this lawsuit on January 23, 2013. Lewis' only claim is against his employer, and that claim cannot succeed unless he first proves that the Union breached its duty. Lewis' argument that the Union breached its duty is based on events that occurred six months after he filed his suit. The Court cannot see how events that occur after a lawsuit is filed could justify a claim that necessarily arose before the lawsuit was filed. At most, later-occurring events might give rise to a separate claim, but litigants may not use summary judgment pleadings to add claims that do not already appear in the complaint. *See, Curry v. City of Lawrence Utils. Serv. Bd.,* No. 1:13-cv-00169-TWP-TAB, 2014 WL 811752, at *4 (S.D. Ind. Mar. 3, 2014). Lewis' Complaint alleged that, prior to his filing suit, the Union breached its

duty in the way it represented him while he was suspended and awaiting trial. Because Lewis has not mustered any evidence to prove an essential element of his claim — that the Union breached its duty in the way it sought to get him reinstated — the Court must grant Dominick's Motion for Summary Judgment.

## IV. CONCLUSION

For the reasons stated herein, Dominick's Motions to Strike and for Summary Judgment [ECF Nos. 93 and 101] are granted. Lewis' Motion for Summary Judgment [ECF No. 97] is stricken.

**IT IS SO ORDERED.**

						_____
						Harry D. Leinenweber, Judge
						United States District Court

Dated: 5/5/2015